UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MAURICE A. SAMSON, and CATHY SAMSON, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) ) |
| J. DAVID DONAHUE, and STATE OF INDIANA, | ) ) ) |
| Defendants | ) ) |

CAUSE NO. 3:07-CV-505 RM

OPINION AND ORDER

Maurice A. Samson, a *pro se* prisoner, and Cathy Samson, a *pro se* plaintiff, husband and wife, filed a complaint in LaPorte Superior Court. The defendants removed it to this court. The plaintiffs object to the removal and ask that this case be remanded. They argue that this court lacks jurisdiction because the defendants did not appear and answer in state court. The defendants respond that they appeared in state court and provided a notice of removal as required by 28 U.S.C. § 1446(d). The defendants correctly argue that this case is removable pursuant to 28 U.S.C. § 1441(a) because the complaint raises a federal claim under 42 U.S.C. § 1983. Because the removal was proper and because this court has jurisdiction over this case, the request for remand will be denied.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any

portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

Erickson v. Pardus, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at n.3(quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965, *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

The Samsons bring one claim. He is a prisoner. She is a former prison employee who met him at the prison. They married after she resigned during an investigation of her involvement with him. The Indiana Department of Correction won't permit her to visit him. They have attached a letter from Commissioner J. David Donahue which explains why she was denied visitation.

> As you violated IDOC policy by becoming involved with offender Samson, you are not eligible for visitation with him or any other offender within IDOC; therefore I must deny your request [for visitation] and reiterate you have a Gate Closure on you for all IDOC facilities.

Letter from Donahue to Cathy Samson dated March 8, 2007, docket # 1-3.

Prison administrators are afforded wide-ranging deference in adopting and executing the policies and practices that in their judgment are necessary to preserve order, discipline and security. Bell v. Wolfish, 441 U.S. 520, 547 (1979).

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.

Overton v. Bazzetta, 539 U.S. 126, 131 (2003) (citations omitted). Segregated confinement is not an atypical, significant deprivation. Sandin v. Conner, 515 U.S. 472, 486 (1995).

> [I]nmates do not have an absolute right to visitation, such privileges being subject to the prison authorities' discretion provided that the visitation policies meet legitimate penological objectives. We believe that concerns that former prison employees visiting inmates may pose a threat to security because of their knowledge of security procedures constitutes a legitimate penological objective.

Caraballo-Sandoval v. Honsted, 35 F.3d 521, 525 (11th Cir. 1994).

> The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause.

Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) (quotation marks and citation omitted).

The decision to preclude visitation by a former employee who violated policy during her employment by establishing a personal relationship with an inmate is rationally related to the legitimate security concerns of the Indiana Department of Correction.

For the foregoing reasons, the court:

4

(1) DENIES the petition for remand for lack of jurisdiction (docket # 5); and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED: December  3 , 2007

                /s/ Robert L. Miller, Jr.
             Chief Judge
             United States District Court