UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MAURICE A. SAMSON, <br> and CATHY SAMSON, <br>   <br>     Plaintiffs <br>   <br>     v. <br>   <br> J. DAVID DONAHUE, <br> and STATE OF INDIANA, <br>   <br>     Defendants | CAUSE NO. 3:07-CV-505 RM |

<u>OPINION AND ORDER</u>

Maurice A. Samson, a *pro se* prisoner, filed a motion captioned, "Verified Petition for Reconsideration" which the court construes pursuant to FED. R. CIV. P. 59. Though Maurice and Cathy Sampson, husband and wife, filed this case, only Maurice has signed the RULE 59 motion. Mr. Sampson argues that the court didn't consider five relevant facts.

First, he asserts that the court neglected to acknowledge that the plaintiffs are husband and wife and that they were once allowed to spend four hours together at the Miami Correctional Facility. Second, he argues that the court ignored their constitutional rights for familial association because they are married. Third, he states that there is no evidence that Mrs. Samson established a personal relationship with him while she was an employee of the Indiana Department of Correction. Fourth, he states that the judgment is unsubstantiated by any proof. Fifth, he argues that he and his wife did not violate any rule while at the Miami Correctional Facility nor the Indiana State Prison and that no evidence or facts support the court's ruling.

In the opening line of the opinion and order which dismissed this case, the court clearly acknowledged that Maurice and Cathy Samson are husband and wife. Their marriage is also mentioned later in the opinion. There is no doubt that he court was fully aware that they are married. That they once spent four hours together at the Miami Correctional Facility was omitted because it wasn't relevant to the legal analysis. That is to say, in deciding whether to order the Indiana Department of Correction to permit Mrs. Samson to visit Mr. Sampson (now and in the future), it didn't matter whether they once spent four hours together.

The Samsons attached a number of exhibits to their complaint, including a letter Cathy Samson wrote to Indiana State Representative Vervon Smith on January 26, 2007. Docket # 1-3 at 9-10. In that letter she stated that she developed romantic feelings for Mr. Samson, an inmate, while she was a prison employee. She also states that doing so violated an Indiana Department of Correction rule. Though not every exhibit attached to a complaint is offered as evidence of the truth of its contents, Cathy Samson wrote this letter to a government official and the complaint gives no hint that its contents are false. It was not erroneous for the court to have accepted these factual assertions by the plaintiffs.

Finally, the assertion that this violation didn't occur at either the Miami Correctional Facility or the Indiana State Prison is meritless. Mr. Samson is an inmate committed to the custody of the Indiana Department of Correction. His wife, Mrs. Samson, is a former Indiana Department of Correction employee who violated an Indiana Department of

Correction rule. Neither the prison where he is currently incarcerated, nor the prison of her rule violation are relevant.

The court's order of dismissal was not erroneous and therefore the Rule 59 motion (docket # 12) is DENIED.

SO ORDERED

ENTERED: December  28 , 2007

   /s/ Robert L. Miller, Jr.   
Chief Judge  
United States District Court
